**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**                                                             **Case No: 5:22-cv-529-GAP-PRL**

**THOMAS R. COLLINS,**

    **Defendant.**

_____

**ORDER**

Before the Court is Defendant Thomas R. Collin's unopposed motion to set aside the clerk's default.[1] (Doc. 17). Pursuant to Federal Rule of Civil Procedure 55(c), Defendant asks the Court to set aside the default entered by the clerk in this case on February 10, 2023.[2] (Doc. 16). Because there is good cause to set aside the entry of default, the motion is granted.

On February 6, 2023, the Court entered an Order directing the clerk to enter a default against the defendant for failing to keep the Court advised of his current address and for failing to comply with the Court's interested persons Order and Order to show cause. (Docs. 9, 10, 15). Under Rule 55(c) "[t]he court may set aside an entry of default for good cause[.]" Fed. R. Civ. P. 55(c). The good cause standard under Rule 55(c) is liberal and distinguishable from the more rigorous excusable neglect standard applicable to a request to set aside a default judgment. *See Compania Interamericana Export-Import, S.A. v. Compania Dominicana De Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). In determining whether to set aside an entry of default the

---

[1] Although Defendant's motion fails to include the Local Rule 3.01(g) certification, Plaintiff's response consents to setting aside the clerk's entry of default. (Doc. 19); M.D. Fla. Local Rule 3.01(g).

[2] The entry of default is dated February 7th but was entered February 10, 2023. (Doc. 16).

court considers whether the default is culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense. *Id.* at 951. Here, good cause exists to set aside the entry of default because Defendant represents that his current circumstances made him unable to receive mail, including the Order to show cause. (Doc. 10). Accordingly, Defendant's motion to set aside entry of default (Doc. 17), is **GRANTED**.

Further, the plaintiff requests that the Court require the defendant to respond to the plaintiff's first set of interrogatories and requests for admissions by the original deadline of March 2, 2023, and serve his Rule 26(a)(1) initial disclosures with these responses. (Doc. 19 at ¶ 9). However, to the extent Defendant has had problems receiving mail, it seems unrealistic to require his compliance within a few days of this Order. Instead, it appears appropriate to provide Defendant an additional week. Accordingly, Defendant shall have until **March 9, 2023,** to respond to Plaintiff's first set of interrogatories and requests for admissions and to serve his Rule 26(a)(1) initial disclosures.

Finally, Defendant is cautioned that despite proceeding *pro se*, he is required to comply with this Court's Orders and Local Rules, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence. Defendant may obtain a copy of the Local Rules from the Court's website (http://www.flmd.uscourts.gov) or by visiting the Office of the Clerk of Court. Also, resources and information related to proceeding in court without a lawyer, including a handbook entitled Guide for Proceeding Without a Lawyer, can be located on the Court's website (http://www.flmd.uscourts.gov/pro_se/default.htm). Defendant should also consult the Middle District of Florida's Discovery Handbook for a general discussion of this District's discovery practices (see http://www.flmd.uscourts.gov/civil-discovery-handbook).

- 3 -

**DONE** and **ORDERED** in Ocala, Florida on March 1, 2023.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties