UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                        Case No: 5:22-cv-529-GAP-PRL

THOMAS R. COLLINS,

    Defendant.

### ORDER

Before the Court, upon referral, are *pro se* Defendant's two motions to compel (Docs. 22 & 27) and motion to be placed on email notification (Doc. 24). Each motion omits the mandatory Local Rule 3.01(g) certification, representing that Defendant conferred with Plaintiff's counsel prior to filing each. M.D. Fla. Local Rule 3.01(g). However, the plaintiff has responded to Defendant's first motion to compel (Doc. 25), stating it is opposed to it (and presumably the second motion to compel), as it represents that it provided Defendant the relief requested prior to the filing of the motion—timely answers to Defendant's first set of interrogatories. Accordingly, and for the reasons set forth below, the motions to compel (Docs. 22 & 27) are denied, the motion to be placed on email notification (Doc. 24) is granted, and the Court is setting a show cause hearing as to why Defendant should not pay Plaintiff's reasonable expenses, including attorney's fees, incurred in opposing his motions to compel.

    **I.**    **MOTION TO BE PLACED ON EMAIL NOTIFICATION (DOC. 24)**

First at issue is Defendant's request to receive notification from the Court through email, because his location makes it "often difficult and time-consuming for them [sic] to receive mail promptly." (Doc. 24). Defendant "believe[s] that email notifications will

facilitate a more efficient and timely communication process between the court and the [d]efendant." *Id.* Finally, Defendant provides "t.c.collins@embarqmail.com . . . . [as] a **valid and active** email address to receive such notifications." *Id.* (emphasis added).

Despite Defendant's failure to comply with the local rules, his request to be served electronically via email (Doc. 24), is **GRANTED**, and **the Clerk is directed to add the email address provided by Defendant to the electronic service list for this case**. Additionally, **the Clerk is further directed to continue serving Defendant via U.S. Mail.**

## II. MOTIONS TO COMPEL (DOCS. 22 & 27)

Second at issue are the defendant's motions to compel the plaintiff's responses to his first set of interrogatories. (Docs. 22 & 27). Defendant's first motion to compel asserts that "[d]espite repeated attempts to contact the [p]laintiff's [a]ttorney and follow up on the . . . response, . . . [he has] not received any communication or responses from them [sic] regarding the interrogatories other than confirming they [sic] will respond by March 12th." (Doc. 22). Further, Defendant "note[s] that [he] . . . answered the first set of interrogatories in a timely manner as requested by the [p]laintiff's [a]ttorney." *Id.*

Defendant's responses to "Plaintiff's first set of interrogatories and requests for admissions and to serve his Rule 26(a)(1) disclosures" were due March 9, 2023. (Doc. 21 at 2). As set forth in Plaintiff's reply, the defendant emailed his response to Plaintiff's first request for admissions on March 9, 2023, but he did not provide his responses to the plaintiff's interrogatories or his Rule 26(a)(1) initial disclosures. (Doc. 25-1 at ¶ 9; Doc. 25-6; Doc. 25-7; Doc. 25-8). Notably, Plaintiff's counsel emailed Defendant a copy of the Order requiring these responses by March 9, 2023 (Doc. 25-3), and in response, Defendant told Plaintiff's counsel that its responses to his first set of interrogatories would be due on March 9th, and

threatened to file "a motion tomorrow for [Plaintiff] to answer at the same time as me." (Doc. 25-4). Plaintiff's counsel informed Defendant that it did not receive his request for admission until February 10, 2023, and thus had until March 12, 2023, to respond under Federal Rule of Civil Procedure 36. (Doc. 25-5); Fed. R. Civ. P. 36(a)(3) (providing thirty days to respond in absence of stipulation or court order).

On March 13, 2023, Plaintiff's counsel served its response by mail and email to Defendant. (Doc. 25 at 4). Although it was a day after March 12, the plaintiff correctly points out that March 12, 2023, was a Sunday, and accordingly, service on the following Monday was appropriate under Federal Rule of Civil Procedure 6(a)(1)(C). Fed. R. Civ. P. 6(a)(1)(C) (providing a period that ends on "a Saturday, Sunday, or legal holiday, . . . [will] continue[] to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."). Nonetheless, Defendant's first motion to compel was filed March 14, 2023, without, according to Plaintiff's counsel, any phone calls or emails from him prior to its filing. *See, e.g.*, (Doc. 25-1 at ¶ 14). Thereafter, Plaintiff's reply details several of its counsel's attempts to contact Defendant to have him withdraw his motion, as it had already served its response. On March 17th Defendant finally responded, stating that he had been feeling under the weather, and had not received Plaintiff's response. *Id.* at ¶ 19; (Doc. 25-12 at 1–2). Plaintiff's counsel responded with a copy of its March 13th email that contained its response. (Doc. 25-1 at ¶ 20; Doc. 25-12 at 3). On March 23, 2023, Defendant again responded that he had not received the first set of answers to his interrogatories, and as a result "was forced to file another motion to compel yesterday." (Doc. 25-14 at 2). Defendant stated that "I kindly request that you email a copy of your answers to me as soon as possible. If you do so, I will file a motion to withdraw tomorrow, and we can avoid further complications." *Id.*

As stated above, Defendant's motions fail to comply with Local Rule 3.01(g). M.D. Fla. Local Rule 3.01(g).[1] Although Defendant is proceeding *pro se*, he is required to comply with this Court's Orders and Local Rules, including Local Rule 3.01(g). M.D. Fla. Local Rule 3.01(g); *see* (Doc. 21 at 2). Local Rule 3.01(g) requires conferral prior to filing most motions, and here, it is apparent that if Defendant had adhered to that requirement, he would have avoided filing the instant motions to compel. His failure to comply with this Court's Orders and Local Rules may result in the denial of future motions.

However, these motions are due to be denied, as it is apparent that the plaintiff has served its answers to his first set of interrogatories as requested. Moreover, it appears that Plaintiff served these in a timely manner, as stated above, and that it was Defendant's duty to confer with Plaintiff if he had an issue accessing these answers, particularly given his representation that this email account is "valid and active" in his motion to be placed on email notification. (Doc. 25 at 5; Doc. 25-1 at ¶ 3 (representing that email communications with Defendant were sent to the email he provided in his motion to be placed on email notification, t.c.collins@embarqmail.com)).

Accordingly, Defendant's motions to compel (Docs. 22 & 27) are **DENIED.**

### III.   ZOOM HEARING ON REASONABLE EXPENSES AND ATTORNEY'S FEES

Finally, the Court notes that Defendant's first motion to compel requests that the plaintiff be sanctioned for failing to timely comply with his discovery requests. (Doc. 22). However, when a motion to compel is denied, Rule 37(a)(5)(B) requires that "after being

---

[1] Moreover, these motions to compel fail to comply with Federal Rule of Civil Procedure 37(a)(1), which provides that a motion to compel "must include a certification that the movant has in **good faith** conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it **without court action**." Fed. R. Civ. P. 37(a)(1) (emphasis added).

- 5 -

given an opportunity to be heard . . . the movant . . . [must] pay the party . . . its reasonable expenses incurred in opposing the motion, including attorney's fees. . . . [unless] the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). Hence, it appears that the *defendant* may have to pay the plaintiff's reasonable expenses, including attorney's fees, incurred in opposing his motions to compel. Accordingly, the parties shall appear before United States Magistrate Judge Philip Lammens, on the video conference platform Zoom, on **April 13, 2023, at 10:00 a.m.**, for a show cause hearing as to why the defendant should not pay the plaintiff's reasonable expenses, including attorney's fees, incurred in opposing his motions to compel.

  **DONE** and **ORDERED** in Ocala, Florida on April 4, 2023.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties