# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

**UNITED STATES OF AMERICA,**

>  **Plaintiff,**

v.                                                                    **Case No: 5:22-cv-529-GAP-PRL**

**THOMAS R. COLLINS,**

>  **Defendant.**

_____

## ORDER

Before the Court is Plaintiff's unopposed motion for attorney's fees, pursuant to Federal Rule of Civil Procedure 37(a)(5)(B). Fed. R. Civ. P. 37(a)(5)(B); (Doc. 34). For the following reasons, Plaintiff's motion (Doc. 34), is **granted**.

On April 4, 2023, this Court denied Defendant's two motions to compel, and set a show cause hearing as to why Defendant should not pay Plaintiff's reasonable expenses, including attorney's fees, incurred in opposing his motions to compel. (Doc. 28). "In that hearing, the defendant failed to offer substantial justification or other circumstances that would make an award of expenses unjust, for filing two motions to compel requesting discovery materials that he had already received from the plaintiff." (Doc. 37). In the Order regarding the show cause hearing, the Court directed Plaintiff to file a motion for attorney's fees, including an affidavit of reasonable expenses, which it did, on April 24, 2023. (Docs. 33 & 34). Also, the Order directed Defendant to file any objections to the motion within fourteen days of service of Plaintiff's motion. (Doc. 33). While the plaintiff represented that the motion for attorney's fees was opposed, Defendant failed to timely file his objections, and the Court directed him to file a response to the motion by May 16, 2023. (Doc. 37). On May 18, 2023,

Defendant filed his response, representing that he has "no objection to the . . . motion. . . . [and] request[ing] that the [C]ourt . . . grant" it. (Doc. 40).

Because the Court has already found that Plaintiff is entitled to its reasonable expenses and attorney's fees incurred in opposing the motions to compel, the only issue still open for consideration is the amount of the reasonable expenses and fees. Plaintiff's counsel, Hana B. McQuillan, represents that she spent four hours preparing and filing the response in opposition to Defendant's motions to compel. (Doc. 34-1). She seeks an hourly rate of $240.62. Thus, Plaintiff seeks to recover $962.48 in total attorney's fees.

Because Defendant agrees to the relief requested, the Court lacks the benefit of the scrutiny and analysis of the requested fees from the opposing party. *See, e.g.*, *Godoy v. New River Pizza, Inc.*, 565 F. Supp. 2d 1345, 1347 (S.D. Fla. 2008) (noting that adversarial process normally aids the court in determining whether amount of attorney's fees requested is reasonable). Nonetheless, even in the absence of a response from Defendant, the Court has a duty to ensure that the requested fees are reasonable. And the Court is "an expert on the question [of attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)).

Considering the Court's knowledge of market rates in the Ocala Division, the complexity of the case, and the issues the motions to compel raised, the Court agrees that the requested fees are reasonable and appropriate. Accordingly, within **ten (10) days** of this Order, Defendant shall remit to Plaintiff **$962.48**, which represents the reasonable attorney's fees incurred in opposing the motions to compel.

**DONE** and **ORDERED** in Ocala, Florida on June 2, 2023.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties